UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY BOIE, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 25-cv-11402-IT |
| DOE, | * |
| Defendant. | * |

MEMORANDUM AND ORDER

June 27, 2025

TALWANI, D.J.

Plaintiff Timothy Boie ("Plaintiff"), proceeding *pro se*, has filed a Complaint [Doc. No. 1], a Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2], and eleven other motions. For the reasons set forth below, the Court will GRANT the motion for leave to proceed *in forma pauperis*, direct Plaintiff to file an amended complaint if he wishes to proceed with this action, and DENY all other pending motions without prejudice.

I. **Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2] and representations in some of Plaintiff's other motions that he homeless and unemployed, see Sec. II.B. *infra*, the Court concludes that Plaintiff has adequately demonstrated he is without income or assets to pay the filing fee. Accordingly, the motion is GRANTED.

## II.  Preliminary Review of Plaintiff's Complaint

Because Plaintiff is proceeding *in forma pauperis*, the Court may conduct a preliminary review of his complaint and dismiss the complaint if it fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). As Plaintiff is not represented by an attorney, the Court construes his complaint more liberally than a pleading drafted by a lawyer. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). A plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

Consistent with these requirements, the form Plaintiff used for his complaint instructs litigants:

> Write a short and plain statement of the claim. Do not make legal arguments.
> State as briefly as possible the facts showing that each plaintiff is entitled to the

damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.

Compl. 4 [Doc. No. 1].

In his complaint, Plaintiff names "Doe"—with no further identifying information—as the only defendant. Id. at 1-2. Plaintiff invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331 and identifies "18 U.S.C. § 241 – conspiracy against rights" and "14th Amendment, Stalking, Harassment" as the federal laws at issue. Id. at 3. Plaintiff's statement of his claim consists of a single sentence: "I am the victim of a covert warfare organization that is active at all times and places." Id. at 4. In his request for relief, Plaintiff asks: "Stop the organization. Stop all related activity. Uncensor public information. Money. Protection. All organization information. All information related to myself. Private Shelter. All related activity information." Id. at 4-5.

Plaintiff's complaint falls far short from the pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As a threshold matter, the complaint does not identify the defendant in any manner. While the Court understands that sometimes a defendant's name is unknown at the time of filing the complaint, a plaintiff must identify the defendant in some fashion (*e.g.*, a position of authority, context in which a plaintiff encountered the defendant).

More significantly, the complaint does not provide any factual material. Plaintiff's generalized and conclusory allegation that he is "the victim of a covert warfare organization that is active at all times and places" [Doc. No. 1 at 4] does not set forth minimal alleged facts as to what the defendant actually did, that caused him harm or violated his rights.[1] Accordingly, the

---

[1] In addition, the federal criminal statutes Plaintiff invokes—18 U.S.C. § 241, see Complaint 3 [Doc. No. 1] and 18 U.S.C. § 1343, see Motion for Amended Complaint 1 [Doc. No. 7]—do not

3

complaint is subject to dismissal for failing to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    Motions

With the exception of his motion for leave to proceed *in forma pauperis*, Plaintiff's motions are each a single page devoid of any substantive information or argument. The Emergency Motion for Injunction Hearing [Doc. No. 3] and Motion for Appointment of Counsel [Doc. No. 5] each consist only of the title of each motion. Other than the title of the motion, Plaintiff's Motion to Expedite Motion for Injunction for Temporary Restraining Order [Doc. No. 6] states only that "[t]he covert warfare and terrorism activity is in public." Id. at 1. Similarly, Plaintiff's Motion to Expedite Motion to Appoint Counsel [Doc. No. 6] consists of the title of the motion and the assertion that "[t]he nature of covert warfare and terrorism requires a lawyer." Id. at 2.

In his Motion for Amended Complaint [Doc. No. 7], Plaintiff seeks to add 18 U.S.C. § 1343 (wire fraud) to the federal statutes at issue and to add "other fraud" and "fraud" as the nature of the suit and cause of action, and modify the statement of his claim to read: "I am the victim of a fraud organization at all times and places." Plaintiff's Motion to Expedite Motion for Injunction and Restraining Order [Doc. No. 8], Motion for Appointment of Counsel [Doc. No. 9], Motion to Expedite Discovery [Doc. No. 10], and Motion for Injunction and Restraining Order [Doc. No. 11] each consist of the title of the motion and Plaintiff's assertion that he is "the

---

provide a basis for relief. These criminal statutes are enforceable only by the federal government through a criminal prosecution. They are not enforceable through a civil lawsuit brought by a private party. See Liu v. Amerco, 677 F.3d 489, 494 (1st Cir. 2012) (stating that the federal mail and wire fraud statutes "have no civil-remedy provisions"); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as a prosecutor can bring a complaint under 18 U.S.C. §§ 241-242.").

victim of a fraud organization at all times and places." The content of Plaintiff's <u>Motion for Status Conference, Motion for Case Management Order, Motion for Hardship Consideration</u> [Doc. No. 12], <u>Motion for Case Management Order</u> [Doc. No. 13], and <u>Motion for Status Conference</u> is limited to the title of the motion and Plaintiff's assertion that "[he is] homeless and unemployed" and "the victim of a fraud organization at all times and places."

None of these motions provide any basis on which this Court may grant relief.

### IV.   Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The <u>Motion for Leave to Proceed *in Forma Pauperis*</u> [Doc. No. 2] is GRANTED.

2. All other pending motions are DENIED without prejudice.

3. If Plaintiff wishes to proceed with this lawsuit, he must, within twenty-eight (28) days, file an amended complaint which cures the above-discussed pleading deficiencies of the original complaint. Failure to do so will result in dismissal of the action without prejudice.

IT IS SO ORDERED.

                                                     /s/ Indira Talwani
                                                    United States District Judge

Dated: June 27, 2025