UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TIMOTHY BOIE,                          *
                                       *
          Plaintiff,                   *
                                       *
     v.                                *     Civil Action No. 25-cv-11402-IT
                                       *
DOE,                                   *
                                       *
          Defendant.                   *
                                       *

ORDER

December 9, 2025

TALWANI, D.J.

On June 27, 2025, the court issued an order finding that the complaint of Plaintiff

Timothy Boie, who is proceeding *pro se*, failed to state a claim upon which relief could be

granted. Mem. & Order [Doc. No. 15]. The court directed him to file an amended complaint to

cure the pleading deficiencies of the original complaint, and stated that failure to do so would

result in dismissal of the action without prejudice. Id. Since that date, Plaintiff has filed three

amended complaints [Doc. Nos. 17, 20, 21], two motions for emergency injunctive relief [Doc.

Nos. 18, 22], and three other motions [Doc. Nos. 19, 24, 25]. For the reasons set forth below, the

court will DISMISS this action and terminate all pending motions.

I.        **Summary of Plaintiff's Third Amended Complaint**

The court treats Plaintiff's Third Amended Complaint [Doc. No. 21] as his operative

complaint. In this pleading, Plaintiff has named the United States as the sole defendant. Plaintiff

claims that "[t]he Defendant is violating [t]he Plaintiff's First Amendment right by providing the

Plaintiff false White House website (www.whitehouse.gov) content on devices at public,

government, and private locations[.]" Id. ¶ 1. Plaintiff states that he is a "musician and

professional software engineer," and that he has "independently created a high-profile collection

of works that are on the Internet." Id. ¶ 2. Plaintiff asserts that his "career and high-publicity

homelessness make [him] a target for false White House website content by [t]he Defendant." Id.

Plaintiff further alleges that "[n]on-digital documents of presidential election results proving

White House website content are not provided to [him]" from the National Archives, the

Massachusetts Archives and the "Massachusetts Secretary of Commonwealth Office." Id. ¶ 3. In

his prayer for relief, Plaintiff asks that the Defendant "stop[] stalking and harassing" him and

provide him with "true White House website content on devices at public, government, and

private locations." Id. at 4.

## II.    Lack of Jurisdiction

### A.    Article III Jurisdiction

This action does not present a claim over which the court may exercise jurisdiction.

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" or

"Controversies," U.S. Const. art. III, § 2, and a federal court's "'obligation to inquire sua sponte

into [its] jurisdiction over the matter' exists in every case," Fideicomiso De La Tierra Del Cano

Martin Pena v. Fortuno, 604 F.3d 7, 16 (1st Cir. 2010) (quoting Doyle v. Huntress, Inc., 419 F.3d

3, 6 (1st Cir. 2005)).

For a case or controversy to exist, the plaintiff must have standing, or, in other words, the

plaintiff must have a "'personal stake in the outcome' of the claim asserted." Pagan v. Calderon,

448 F.3d 16, 27 (1st Cir. 2006) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)). "To establish

standing, a plaintiff must present an injury that is concrete, particularized, and actual or

imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable

ruling." Horne v. Flores, 557 U.S. 433, 445 (2009). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "Injuries that are too 'widely shared' or are 'comparable to the common concern for obedience to law' may fall into the category of generalized grievances about the conduct of government." Lyman v. Baker, 954 F.3d 351, 361 (1st Cir. 2020) (quoting  Becker v. Fed. Election Comm'n, 230 F.3d 381, 390 (1st Cir. 2000)). "Article III does not contemplate a system where 330 million citizens can come to federal court whenever they believe that the government is acting contrary to the Constitution or other federal law." Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 382 (2024).

Here, Plaintiff does not state an Article III case or controversy because he does not have standing to bring this action. Plaintiff does not sufficiently allege, inter alia, a particularized injury arising from the allegedly false information on the website of the White House. Rather, any injury Plaintiff has suffered or will suffer from the contents of the website is too widely shared to affect Plaintiff in a personal and individual way. Although Plaintiff asserts that his "career and high-publicity homelessness make [him] a target for false White House website content" [Doc. No. 21 ¶ 2], he does not explain how any injury he suffers is particularized. Indeed, Plaintiff claims in his motion for an emergency injunction that the allegedly false information on the website for the White House constitutes "stalking and harassing of all people." [Doc. No. 22 at 1].

### B.     Sovereign Immunity of the United States

The United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. See

FDIC v. Meyer, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be expressly and unequivocally found in the statutory text and cannot be implied. See Lane v. Pena, 518 U.S. 187, 192 (1996). Sovereign immunity is jurisdictional, and "deprives courts of the power to hear suits against the United States absent Congress's express consent." United States v. Miller, 604 U.S. 518, 527 (2025). This case does not present a claim for which the United States has waived its sovereign immunity.

## III.    Conclusion

In accordance with the foregoing, the court hereby orders:

1.      This action is DISMISSED for lack of jurisdiction.

2.      All pending motions shall be terminated as moot.

IT IS SO ORDERED.

 /s/ Indira Talwani
United States District Judge

Dated: December 9, 2025